# CRIMINAL COURT OF BALTIMORE CITY.

Filed April 24, 1913.

STATE OF MARYLAND
VS.
JOHN E. GURRY.

*Horton S. Smith*, Assistant State's Attorney, for State.

*W. Ashbie Hawkins* and *Harry Hochheimer* for traverser.

ELLIOTT, J.—

This case comes before the Court upon a demurrer filed by the traverser, John E. Gurry, to an indictment found against him charging "that on the seventeenth day of June, 1911, he, being a colored person, did, unlawfully, move into and use as a residence and place of abode, No. 581 Laurens street, otherwise called No. 581 Sewell street, said house being located in a block where the houses, so far as they were then occupied and used as residences and places of abode, in whole or part, were then occupied and used as residences and places of abode by white persons, the said John E. Gurry not being then and there a domestic servant employed by and residing with his employer in said house.

The indictment found against the traverser contains three separate and distinct counts, one charging that he did "move into and use," one that he did "move into" and the other that he "did use" as a residence and place of abode the house No. 581 Laurens street.

It is not necessary to consider the separate counts of the indictment, inasmuch as the first count includes the other two, and the demurrer raises the question as to whether or not either in moving into or using said house as a place of residence and abode, he did an act forbidden by law.

In an effort to make the issue as clear as possible, it may be stated that the alleged unlawful character of the act complained of, consists in the two concurrent facts that the traverser, being a colored person, not a domestic living with his employer, has moved into, and used as a place of residence, a house located in a block in which the houses, so far as they were used or occupied, were used as residences by white persons.

It is worth while in passing to note that in accordance with the provisions of the Ordinance upon which the indictment is based, it would be possible to indict a white person who moves into, and uses as a place of residence a house located in a block in which the houses, so far as they were used or occupied, were used or occupied as residences by colored persons.

The present is, therefore, a case where the guilt or innocence of the traverser depends upon the decision as to whether or not he, being a colored person, has moved into a "white" block, and whether by so doing he has violated a law which the Mayor and City Council had the right to pass, or having that right, has exercised it, and made it effective by reasonable regulations.

It goes without the necessity of saying, that if on the seventeenth day of June, 1911, No. 581 Laurens street had been located within the limits of a "colored" block, no indictment could have been found against the traverser

for moving into and occupying said house, and it is just as certain that, before he could be punished, it must be ascertained and proved, even allowing that it is an offense for a "colored" person to live in a white block, that the house moved into was within a "white" block.

Nothing is more certain than that when it is proposed to make an act, not so at common law, criminal, it must be defined and limited in such a way that there is no doubt as to what it meant by the provisions of the prohibition.

It is therefore essential that the definition of a "white" block and a "colored" block must be prescribed in a manner at once definite and beyond possible dispute.

Let us therefore look at the Ordinance in that regard.

Section 1 of the Ordinance undertakes to make it "unlawful for any white person to move into, or use as a residence or place of abode, any house situated or located on any block, the houses on which block are occupied or used as residences or places of abode, in whole or in part, by colored persons."

Section 2 has the same provision with regard to colored persons in blocks where the houses are occupied as residences, or places of abode, in whole or in part, by white persons.

These are the inhibitions, the violation of which is made a misdemeanor punishable by fine.

In an effort to interpret these sections we are forced to the conclusion that the thing prohibited is the residence of a white person in a block occupied *in whole or in part* by colored persons, or the residence of a colored person in a block occupied, *in whole or in part*, by white persons.

There is no other definition in the Ordinance of what is intended to be the prohibited blocks respectively.

Now it is needless to remark that the same block could be as a great many blocks now are, occupied at the same time "in part" by colored persons, and "in part" by white persons, and by the sections above quoted it would be unlawful for either white or colored persons to move into or remain in the block.

So that every block in the City containing at the present time both white and colored persons would become at once depopulated, upon any enforcement of the Ordinance.

When, then, by the definition in the Ordinance a block can be at the same time both a white block and a colored block it would seem unnecessary to say that the Ordinance is invalid and unenforceable to punish either white or colored persons.

This Court does not concern itself with the considerations which may have suggested the enactment of the Ordinance in question, but it is possible that the evident difficulty of securing the objects which its framers may have had in view, had the effect of confusing them, so that in the endeavor to please certain interests they have overlooked the rights of the citizens generally.

It is otherwise difficult to understand Sections 6, 7, 8 and 9, of the Ordinance which appear intended to have no general, but only local, application, and not even a local application, except under provisos, so various and involved as to prevent any reasonable or equal enforcement of them.

The Court, however, contents itself with sustaining the demurrer in this case because there is no such reasonable interpretation of the Ordinance now before it as to make amenable to its penalty the traverser, who admitting the facts set out in the indictment denies any liability thereunder.

Demurrer sustained.